Electronically Filed - Jackson - Kansas City - November 21, 2016 - 05:09 PM

## IN THE ASSOCIATE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **BRANDY JOHNSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No.** |
| **v.** | ) |
| | ) |
| **GC SERVICES LIMITED** | ) |
| **PARTNERSHIP** | ) |
| **d/b/a GC SERVICES LIMITED** | ) |
| **PARTNERSHIP-DELAWARE** | ) |
| **SERVE:** | ) |
| **C T Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, Missouri 63105** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW, Plaintiff Brandy Johnson by and through her counsel Bryce B. Bell and Mark W. Schmitz of Bell Law, LLC and A. Scott Waddell of Waddell Law Firm LLC, and for her Petition for Damages against Defendant GC Services Limited Partnership d/b/a GC Services Limited Partnership-Delaware, states and alleges as follows:

### PARTIES

1.      Plaintiff Brandy Johnson ("Plaintiff" or "Brandy") is an individual Missouri resident and consumer who is employed in the state of Kansas.

2.      Defendant GC Services Limited Partnership d/b/a GC Services Limited Partnership-Delaware ("Defendant" or "GC") is a Delaware Corporation with its principal place of business in Houston, Texas.  GC holds itself out as the largest privately-held outsourcing provider of call center management and collection agency services in North America.  GC can be

EXHIBIT A

served by serving its Registered Agent, C T Corporation System, at 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

3.  Jurisdiction and venue are proper in this Court pursuant to 15 U.S.C. § 1692k.

## FACTS COMMON TO ALL COUNTS

4.  Plaintiff Brandy Johnson graduated from college in May 2002.

5.  Like many Americans, Brandy had taken out student loans to help finance her education.

6.  Brandy's student loans entered an automatic 6-month deferral period upon her graduation.

7.  Therefore, Brandy's first payments became due on or around December 2002.

8.  In late 2003 or early 2004, Plaintiff's father was diagnosed with cancer. As a result, Brandy began helping care for her father.

9.  Up until this time, Brandy had made each of her payments on time.

10.  Because she was caring for her father and could not afford both his care and her loans, Brandy filed for an additional deferment. That deferment was granted, and continued until June 2004, when Brandy's father lost his fight with cancer.

11.  Upon her father's death, Brandy resumed payments on her loans, and made each of her payments on time.

12.  In 2009 or 2010, Brandy filed Chapter 13 Bankruptcy, and began a repayment plan on her debts.

13.  Brandy made her payments on time in accordance with her repayment plan.

14.  Unfortunately, in September 2010, Brandy lost her job and only source of income.

2

15.     Shortly thereafter, Brandy lost her housing as well.

16.     From approximately September 2010 through February 2015, Brandy was homeless and unemployed.  During this time, Brandy lived in several homeless shelters in Nebraska and Missouri.  For a period, Brandy even slept in her car until it was repossessed.

17.     Naturally, Brandy was unable to make payments during this period.

18.     Fortunately, in early 2015, Brandy was able to find gainful employment with Midwest Distributors.

19.     In 2016, Brandy filed her first tax return in years.  Her refund, such as it was, was redirected towards her outstanding loans.

20.     Brandy did not complain about the loss of her tax refund, as she had actually been hoping to get in contact with someone who could help her get back on track with making her payments.  Instead, Brandy got Defendant.

21.     Defendant began harassing Brandy on June 6, 2016, and relentlessly continued until July 5, 2016.

22.     Brandy did not give Defendant prior consent—written or oral—to contact her while at work.  To the contrary, Brandy expressly instructed Defendant *not* to contact her while at work and instead requested all communications come through mail.

23.     Additionally, and on information and belief, Defendant did not and does not have a court order authorizing the below described conduct.

24.     On Monday, June 6, 2016, Defendant called Brandy at approximately 2:00 P.M. At that time, Brandy informed Defendant that she was at work and asked Defendant not to contact her between the hours of 8:00 A.M. and 6:00 P.M.  Brandy told Defendant not to contact her during those hours because her employer prohibits her from receiving such communication

3

while at work. Brandy also provided Defendant with her updated mailing address so that future communications could be sent via mail.

25.     Despite this notice, Defendant called Brandy three more times that day, each time before 6:00 P.M. The first of those calls was at approximately 5:36 P.M., the second was at 5:58 P.M., with the third immediately thereafter, and also at 5:58 P.M.

26.     As she now knew who to remit payment to, Brandy began paying Defendant via money order.

27.     Brandy has not missed a monthly payment since being contacted by Defendant.

28.     Despite receiving payments, Defendant's harassment of Brandy continued.

29.     Defendant called Brandy four times on Thursday, June 9, 2016. Specifically, Defendant called Brandy at approximately 1:43 P.M., immediately thereafter at 1:44 P.M., at 3:15 P.M., and at 7:01 P.M.

30.     Defendant next called Brandy at 7:10 P.M. on Tuesday, June 14, 2016.

31.     Defendant resumed contacting Brandy at work by calling her at 12:16 P.M. on Friday, June 17, 2016.

32.     Defendant's harassment continued the next week, when Defendant called Brandy while she was at work on Tuesday, June 21, 2016 at 1:17 P.M. and at 2:27 P.M. Defendant also called her at 6:15 P.M. that day.

33.     Defendant's next call was while Brandy was at work on Thursday, June 23, 2016 at approximately 5:24 P.M.

34.     Defendant called Brandy the next day, again while Brandy was at work, at approximately 1:51 P.M.

4

35.    On Monday, June 27, 2016, Defendant again contacted Brandy, this time at 7:43 P.M.

36.    Two days later, on Wednesday, June 29, 2016, Defendant called Brandy while she was at work at approximately 8:54 A.M.

37.    Defendant's again called Brandy while she was at work, on Tuesday July 5, 2016, at approximately 2:46 P.M.

38.    In several of these phone calls, Defendant threatened Brandy with wage garnishment.

39.    Additionally, several of the back-to-back phone calls came from the same employee of Defendant.

40.    On information and belief, Defendant intended to annoy, abuse, and/or harass Brandy with these repeated calls while she was at work.

41.    Defendant's repeated contacts with Plaintiff while she was at work all came despite having actual notice that this was an inconvenient time because she was at her place of employment.

42.    On information and belief, Defendant used an automatic telephone dialing system on each occasion in which it contact Brandy.

43.    On numerous occasions, Brandy informed Defendant that she was unable to pay over the phone because her only card was an American Express, which Defendant does not accept.

44.    Defendant's response to this was to suggest having her boss or a co-worker pay using their VISA or MasterCard.

45. Brandy even sent her July 2016 payment two full weeks early, in an attempt to get the harassment to stop. Despite this, Defendant continued pestering Brandy, seeking payment.

46. On July 13, 2016, Brandy filed a complaint against Defendant with the Consumer Financial Protection Bureau ("CFPB") (Case Number 160713-000833).

47. The CFPB forwarded Brandy's complaint to Defendant.

48. Defendant later responded to Brandy's complaint to the CFPB.

49. In its response, Defendant admitted that, on June 6, 2016, Brandy had instructed Defendant not to contact her unless the calls were "after 6:00 PM."

50. Defendant further admitted to having contacted Brandy during work hours at least three more times after receiving this notice.

51. As a result of Defendant's harassment, as detailed above, Brandy has suffered emotional distress including, but not limited to, the following:

   a. Depression;
   b. Anxiety;
   c. Helplessness;
   d. Embarrassment;
   e. Worry; and,
   f. Frustration.

52. Additionally, and on information and believe, Defendant called Brandy's work switchboard on at least one occasion in an attempt to collect on the above described debt.

<u>COUNT ONE:</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
Defendant GC Services Limited Partnership

53. Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

54. The Fair Debt Collection Practices Act ("FDCPA") is intended to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

6

55.     Plaintiff is a "consumer," as defined by 15 U.S.C. § 1692a(3).

56.     Defendant GC is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

57.     Defendant GC is vicariously liable for the acts and/or omissions of its agents and employees.

58.     The underlying student loan is a "debt," as defined by 15 U.S.C. § 1692a(5).

59.     Defendant GC's violations of the FDCPA include, but are not limited to, the following:

    a.  Contacting Brandy at a time known to be inconvenient to her, in violation of 15 U.S.C. § 1692c(a)(1), including, but not limited to, the following:

        i.  Calling Brandy while she was at work on June 6, 2016 at 5:36 P.M.;
        ii.  Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
        iii.  Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
        iv.  Calling Brandy while she was at work on June 9, 2016 at 1:43 P.M.;
        v.  Calling Brandy while she was at work on June 9, 2016 at 1:44 P.M.;
        vi.  Calling Brandy while she was at work on June 9, 2016 at 3:15 P.M.;
        vii.  Calling Brandy four the fourth time in a seven hour period on June 9, 2016 at 7:01 P.M.;
        viii.  Calling Brandy while she was at work on June 17, 2016 at 12:16 P.M.;
        ix.  Calling Brandy while she was at work on June 21, 2016 at 1:17 P.M.;
        x.  Calling Brandy while she was at work on June 21, 2016 at 2:27 P.M.;
        xi.  Calling Brandy for the third time in a five hour period on June 21, 2016 at 6:15 P.M.;
        xii.  Calling Brandy while she was at work on June 23, 2016 at 5:24 P.M.;
        xiii.  Calling Brandy while she was at work on June 24, 2016 at 1:51 P.M.;
        xiv.  Calling Brandy while she was at work on June 29, 2016 at 8:54 P.M.;
        xv.  Calling Brandy while she was at work on July 5, 2016 at 2:46 P.M.;

    b.  Contacting Brandy at her place of employment despite actual knowledge that her employer prohibits her from receiving such communications, in violation of 15 U.S.C. § 1692c(a)(3), including, but not limited to, the following:

        i.  Calling Brandy while she was at work on June 6, 2016 at 5:36 P.M.;
        ii.  Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
        iii.  Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
        iv.  Calling Brandy while she was at work on June 9, 2016 at 1:43 P.M.;
        v.  Calling Brandy while she was at work on June 9, 2016 at 1:44 P.M.;
        vi.  Calling Brandy while she was at work on June 9, 2016 at 3:15 P.M.;

vii. Calling Brandy four the fourth time in a seven hour period on June 9, 2016 at 7:01 P.M.;
viii. Calling Brandy while she was at work on June 17, 2016 at 12:16 P.M.;
ix. Calling Brandy while she was at work on June 21, 2016 at 1:17 P.M.;
x. Calling Brandy while she was at work on June 21, 2016 at 2:27 P.M.;
xi. Calling Brandy for the third time in a five hour period on June 21, 2016 at 6:15 P.M.;
xii. Calling Brandy while she was at work on June 23, 2016 at 5:24 P.M.;
xiii. Calling Brandy while she was at work on June 24, 2016 at 1:51 P.M.;
xiv. Calling Brandy while she was at work on June 29, 2016 at 8:54 P.M.;
xv. Calling Brandy while she was at work on July 5, 2016 at 2:46 P.M.;

c. Contacting a third party by calling Brandy's work switchboard directly, in violation of 15 U.S.C. § 1692c(b);

d. Causing Brandy's cell phone to ring repeatedly, with the intent to annoy, abuse, and/or harass Brandy, in violation of 15 U.S.C. § 1692d(5), including, but not limited to, the following:

i. Calling Brandy while she was at work on June 6, 2016 at 5:36 P.M.;
ii. Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
iii. Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
iv. Calling Brandy while she was at work on June 9, 2016 at 1:43 P.M.;
v. Calling Brandy while she was at work on June 9, 2016 at 1:44 P.M.;
vi. Calling Brandy while she was at work on June 9, 2016 at 3:15 P.M.;
vii. Calling Brandy four the fourth time in a seven hour period on June 9, 2016 at 7:01 P.M.;
viii. Calling Brandy while she was at work on June 17, 2016 at 12:16 P.M.;
ix. Calling Brandy while she was at work on June 21, 2016 at 1:17 P.M.;
x. Calling Brandy while she was at work on June 21, 2016 at 2:27 P.M.;
xi. Calling Brandy for the third time in a five hour period on June 21, 2016 at 6:15 P.M.;
xii. Calling Brandy while she was at work on June 23, 2016 at 5:24 P.M.;
xiii. Calling Brandy while she was at work on June 24, 2016 at 1:51 P.M.;
xiv. Calling Brandy while she was at work on June 29, 2016 at 8:54 P.M.;
xv. Calling Brandy while she was at work on July 5, 2016 at 2:46 P.M.;

e. Causing Brandy's cell phone to ring continuously, with the intent to annoy, abuse, and/or harass Brandy, in violation of 15 U.S.C. § 1692d(5), including, but not limited to, the following:

i. Calling Brandy while she was at work on June 6, 2016 at 5:36 P.M.;
ii. Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
iii. Calling Brandy while she was at work on June 6, 2016 at 5:58 P.M.;
iv. Calling Brandy while she was at work on June 9, 2016 at 1:43 P.M.;
v. Calling Brandy while she was at work on June 9, 2016 at 1:44 P.M.;

8

Electronically Filed - Jackson - Kansas City - November 21, 2016 - 05:09 PM

vi. Calling Brandy while she was at work on June 9, 2016 at 3:15 P.M.;

vii. Calling Brandy four the fourth time in a seven hour period on June 9, 2016 at 7:01 P.M.;

viii. Calling Brandy while she was at work on June 17, 2016 at 12:16 P.M.;

ix. Calling Brandy while she was at work on June 21, 2016 at 1:17 P.M.;

x. Calling Brandy while she was at work on June 21, 2016 at 2:27 P.M.;

xi. Calling Brandy for the third time in a five hour period on June 21, 2016 at 6:15 P.M.;

xii. Calling Brandy while she was at work on June 23, 2016 at 5:24 P.M.;

xiii. Calling Brandy while she was at work on June 24, 2016 at 1:51 P.M.;

xiv. Calling Brandy while she was at work on June 29, 2016 at 8:54 P.M.;

xv. Calling Brandy while she was at work on July 5, 2016 at 2:46 P.M.;

f. Threatening to garnish Brandy's wages, in violation of 15 U.S.C. § 1692e(4); and,

g. Threatening to take actions which were not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

60. Pursuant to 15 U.S.C. § 1692k(a)(1), Plaintiff is entitled to the recovery of her actual damages, which include but are not limited to emotional distress.

61. Pursuant to 15 U.S.C. § 1692k(a)(2), Plaintiff is entitled to the recovery of $1,000.00 in statutory damages.

62. Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to the recovery of her reasonable attorneys fees.

WHEREFORE, Plaintiff prays for judgment against Defendant in such amount as is allowable by law and to be determined at trial, for her actual damages, statutory damages, pre- and post-judgment interest at the greatest rate allowed by statute, for her reasonable attorneys' fees, and for such other and further relief as may be just and proper under the circumstances.

## COUNT TWO:
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
Defendant GC Services Limited Partnership

63. Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

9

Electronically Filed - Jackson - Kansas City - November 21, 2016 - 05:09 PM

64.     Both Plaintiff and Defendant are a "person," for the purposes of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(39).

65.     On information and belief, Defendant uses an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(1).

66.     On information and belief, Defendant used an ATDS on each of the occasions in which it contacted Plaintiff.

67.     Defendant is vicariously liable for the acts and/or omissions of its agents and/or employees.

68.     Defendant GC's violations of the TCPA include, but are not limited to, the following:

a.  Using an ATDS to call Brandy while she was at work on June 6, 2016 at 2:00 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
b.  Using an ATDS to call Brandy while she was at work on June 6, 2016 at 5:36 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
c.  Using an ATDS to call Brandy while she was at work on June 6, 2016 at 5:58 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
d.  Using an ATDS to call Brandy while she was at work on June 6, 2016 at 5:58 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
e.  Using an ATDS to call Brandy while she was at work on June 9, 2016 at 1:43 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
f.  Using an ATDS to call Brandy while she was at work on June 9, 2016 at 1:44 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
g.  Using an ATDS to call Brandy while she was at work on June 9, 2016 at 3:15 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
h.  Using an ATDS to call Brandy four the fourth time in a seven hour period on June 9, 2016 at 7:01 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
i.  Using an ATDS to call Brandy on June 14, 2016 at 7:10 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
j.  Using an ATDS to call Brandy while she was at work on June 17, 2016 at 12:16 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
k.  Using an ATDS to call Brandy while she was at work on June 21, 2016 at 1:17 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
l.  Using an ATDS to call Brandy while she was at work on June 21, 2016 at 2:27 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);
m.  Using an ATDS to call Brandy for the third time in a five hour period on June 21, 2016 at 6:15 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

n. Using an ATDS to call Brandy while she was at work on June 23, 2016 at 5:24 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

o. Using an ATDS to call Brandy while she was at work on June 24, 2016 at 1:51 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

p. Using an ATDS to call Brandy on June 27, 2016 at 7:43 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

q. Using an ATDS to call Brandy while she was at work on June 29, 2016 at 8:54 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii); and,

r. Using an ATDS to call Brandy while she was at work on July 5, 2016 at 2:46 P.M., in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

69. Brandy is authorized to bring this action pursuant to 47 U.S.C. § 227(b)(3).

70. Brandy is entitled to obtain an injunction reasonably calculated to prevent Defendant GC from continuing to violate the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A).

71. Brandy is entitled to recover $500.00 per violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

72. On information and belief, defendant's use of the ATDS was willful and/or knowing.

73. On information and belief, Defendant has, and at all relevant times had, actual and/or constructive notice that the use of an ATDS to call a cell phone is in violation of the TCPA.

74. Therefore, Brandy is entitled to the trebling of her statutory damages, pursuant to 47 U.S.C. § 227(b)(3), entitling her to $1,500.00 per call.

WHEREFORE, Plaintiff prays for judgment against Defendant(s) in such amount as is allowable by law and to be determined at trial, for her actual damages, statutory damages in the amount of $1,500.00 per violation, an injunction reasonably calculated to prevent Defendant GC from continuing to violation the TCPA, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

11

**DEMAND FOR JURY TRIAL**

75.     Plaintiff hereby demands a jury trial on all counts so triable.

Respectfully Submitted,

*/s/ Bryce B. Bell*
Bryce B. Bell          MO#66841
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com

*/s/ A. Scott Waddell*
A. Scott Waddell          MO#53900
Waddell Law Firm LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-914-5365
F: 816-817-8500
scott@aswlawfirm.com

*/s/ Mark W. Schmitz*
Mark W. Schmitz          MO#69329
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-886-8206
F: 816-817-8500
ms@BellLawKC.com

**Attorneys for Plaintiff**

12

Electronically Filed - Jackson - Kansas City - November 21, 2016 - 05:09 PM

## IN THE ASSOCIATE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### AT KANSAS CITY

| | |
|---|---|
| **BRANDY JOHNSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. |
| **v.** | ) |
| | ) |
| **GC SERVICES LIMITED** | ) |
| **PARTNERSHIP** | ) |
| **d/b/a GC SERVICES LIMITED** | ) |
| **PARTNERSHIP-DELAWARE** | ) |
| **SERVE:** | ) |
| **C T Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, Missouri 63105** | ) |
| | ) |
| **Defendant.** | ) |

### AFFIDAVIT IN SUPPORT OF SERVICE BY CERTIFIED MAIL

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) ss. |
| COUNTY OF JACKSON | ) |

Bryce B. Bell of lawful age, being first duly sworn upon his oath, deposes and states that:

1. He is the attorney for the above-named Plaintiff, being licensed to practice in the State of Missouri, having his office at 2600 Grand Blvd., Ste. 580, Kansas City, Missouri 64108.

2. The Defendant GC Services Limited Partnership is a Delaware limited liability partnership having its principal place of business in Houston, Texas.

3.  The name and address of the Defendant's registered office is:

    C T Corporation System
    120 South Central Avenue
    Clayton, Missouri 63105

4.  Personal service may not be obtained on the Defendant in Jackson County,

Missouri.

5.  The name and address of the party to be served by certified mail is:

    GC SERVICES LIMITED PARTNERSHIP
    d/b/a GC SERVICES LIMITED PARTNERSHIP-DELAWARE
    Serve at registered agent:
    CT Corporation System
    120 South Central Avenue
    Clayton, Missouri 63105

Respectfully submitted,

Bryce B. Bell          MO# 66841
Bell Law, LLC
2600 Grand Blvd., Ste. 580
Kansas City, Missouri 64108
Telephone: 816.886.8206
Bryce@BellLawKC.com
**Attorney for Plaintiff**

Subscribed and sworn to before me, a notary public, November 21, 2016.

JANIS M. BELL
Notary Public, State of Kansas
My Appointment Expires
7/1/2020

Notary Public

2

**1616-CV27852**

SIXTEENTH JUDICIAL CIRCUIT COURT OF JACKSON COUNTY

## CIVIL FILING INFORMATION SHEET

☒ at Kansas City  ☐ at Independence

file stamp here

CASE #: _____

### PARTY PLAINTIFF/PETITIONER

Last Name: Johnson

First Name: Brandy     Middle Initial: L.

Social Security Number: 513 92 9281

Address: 114 NE 50th Court #1032

City: Kansas City  State: MO  Zip: 64118

### LEAD ATTORNEY OF RECORD-PLAINTIFF/PRO SE

Last Name: Bell

First Name: Bryce     Middle Initial: B

Address: 2600 Grand Blvd  Ste 580

City: Kansas City  State: MO  Zip: 64108

Phone #: 816 886 8206  Fax #: 816 817 8500

MO Bar Number: 66841  E-Mail: Bryce@BellLawKC.com

### PARTY DEFENDANT/RESPONDENT

Last Name: GC Services Limited Partnership

First Name: _____  Middle Initial: _____

Social Security Number: _____

Address: RA: CT Corporation System

City: Clayton  State: MO  Zip: 63105

**Service Instruction for each defendant listed:**

☐ Jackson County  ☐ Private Process    Certified Mail

☒ Out of County--Provide info below  Affidavit filed

Sheriff Name/Address: _____

### LEAD ATTORNEY OF RECORD-DEFENDANT (if known)

Last Name: _____

First Name: _____  Middle Initial: _____

Address: _____

City: _____  State: _____  Zip: _____

MO Bar Number: _____  E-Mail: _____

### CIRCUIT CIVIL CASE INFORMATION

Case Type Description: Other Tort

Case Type Code: TY

*Court Rule 3.1.4-Case Type Code--See Civil Case Codes on Reverse and under the forms section of the Court's website at www.16thcircuit.org*

**Case Track:**

☐ Expedited: (Out of state witness, injunction, TRO, extraordinary remedy, replevins, etc.)

☒ Standard

☐ Complex: (Asbestos, tobacco, or other cases that will likely take more than 2 weeks to try)

### OTHER IMPORTANT INFORMATION

- Review Division-Specific Information on the Court's website to understand the requirements in processing your case--**www.16thcircuit.org**
- **Court Rule 4.2** requires that this form must be **complete** and include a **filing deposit** or your petition will not be accepted for filing
- **Court Rule 3.5 Designated Lead Attorney** requires that each party is responsible for keeping the designated lead attorney information current
- **Court Rule 21.9 Attorney Change of Address/Facsimile** requires each attorney to keep their address, etc. up dated with the Court Administrator's office.

Date: 11/21/2016     Attorney/Pro Se Signature: _____

Form 4
CIRCT A1253     8/18/08

**CONFIDENTIAL DOCUMENT**
**DO NOT KEEP IN COURT FILE**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JALILAH OTTO | **Case Number: 1616-CV27852** |
| Plaintiff/Petitioner:<br>BRANDY L JOHNSON | Plaintiff's/Petitioner's Attorney/Address, or<br>Plaintiff/Petitioner, if pro se:<br>BRYCE BRUCE BELL<br>2600 GRAND BLVD STE 580<br>KANSAS CITY, MO 64108<br>(816) 886-8206 |
| vs. | |
| Defendant/Respondent:<br>GC SERVICES LIMITED PARTNERSHIP<br>DBA: GC SERVICES LIMITED<br>PARTNERSHIP-DELAWARE | Date, Time, and Location of Court Appearance:<br>**21-DEC-2016, 09:00 AM<br>DIVISION 26 7TH FLOOR<br>415 E 12th<br>KANSAS CITY, MO 64106** |
| Nature of Suit:<br>AC Other Tort | |
| | (Date File Stamp) |

## Associate Summons for Service by Registered or Certified Mail

**The State of Missouri to:**   GC SERVICES LIMITED PARTNERSHIP
**Alias:**
**DBA:**   GC SERVICES LIMITED PARTNERSHIP-DELAWARE

SERV RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105



*COURT SEAL OF*

*JACKSON COUNTY*

     You are summoned to appear before this Court on the date, time, and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy which of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.
     If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

22-NOV-2016
Date Issued

_____
Clerk

Further Information:

## Certificate of Mailing

    I certify that on  22-NOV-2016  (date), I mailed a copy of this summons and a copy of the petition to

Defendant/Respondent  GC SERVICES LIMITED PARTNERSHIP  by registered or certified mail, requesting a return receipt

by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

  22-NOV-2016
       Date

_____
Clerk

OSCA (4-99) SM91 (JAKASRM) *For Court Use Only:* **Document ID# 16-ASRM-85**          1 of 2                     S.C. Form 4; Rule 54.12b; 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County


Date: November 30, 2016

MAIL MAIL:

The following is in response to your November 30, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000098738591.  The delivery record shows that this item was delivered on November 30, 2016 at 9:22 am in SAINT LOUIS, MO  63105. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000098738591
1616-CV27852
GC SERVICES LIMITED PARTNERSHIP
SERVE R/A:  CT CORPORATION SYSTEM
120 S Central Ave
Clayton, MO  63105-1705